IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                **Criminal Case No.: 1:20-CR-84**
                                         **(JUDGE KLEEH)**

**KENNETH C. RAMDAT**,

      **Defendant.**

## REPORT AND RECOMMENDATION RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED

Presently pending before the undersigned Magistrate Judge is Defendant's Motion to Dismiss, which is the first request for relief contained within Defendant's Omnibus Pretrial Motion [ECF No. 16], filed on December 4, 2020. By Order dated December 7, 2020 [ECF No. 20], United States District Judge Thomas S. Kleeh referred the Motion to Dismiss to the undersigned for conducting a hearing and entering a report and recommendation as to disposition of the motion.

The undersigned also is in receipt of the Government's Response to Defendant's Omnibus Pretrial Motion, and the Response to Motion to Dismiss included therein, filed on January 14, 2021. [ECF No. 25]. The undersigned conducted a hearing on Defendant's motion on January 21, 2021, at which the Court heard the arguments of counsel for both Defendant and the Government. Thereafter, the undersigned received Defendant's Supplemental Memorandum in Support of Motion to Dismiss, filed on January 27, 2021 [ECF No. 29] as well as the Government's Response to Defendant's Supplemental Memorandum in Support of Motion to Dismiss, filed on February 2, 2021. [ECF No. 33].

Based on a detailed review of Defendant's Motion [ECF No. 16], the Government's Response [ECF No. 25], Defendant's supplemental memorandum [ECF No. 29], the

1

Government's response to the supplemental memorandum [ECF No. 33], and the arguments of counsel at the hearing before the undersigned on January 21, 2021, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss, presented as a part of Defendant's Omnibus Pretrial Motion [ECF No. 16], be **DENIED** as set forth herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Kenneth C. Ramdat ("Defendant") stands accused in a four-count indictment which a Grand Jury returned against him on November 4, 2020. [ECF No. 1]. Defendant is named in the Indictment with the offenses of: (1) Abusive Sexual Contact, in violation of Title 18, United States Code, Section 2244(b) (Count 1 and Count 3), and (2) Simple Assault, in violation of Title 18, United States Code, Section 113(a)(5) (Count 2 and Count 4). Counts One and Two in the Indictment pertain to the allegations related to Jane Doe 1. Counts Three and Four in the Indictment pertain to the allegations related to Jane Doe 2.

Defendant is a physician working at the Louis A. Johnson Veterans Affairs Medical Center in Clarksburg, West Virginia ("VA Medical Center"). At the time of the events alleged leading to the Indictment, Defendant was employed at the VA Medical Center. A nursing assistant also employed there, Jane Doe 2, reported that Defendant groped her breast on October 17, 2020 while the two were at work. Jane Doe 2 also reported that Defendant had engaged in multiple other instances of inappropriate workplace conduct. Another nursing assistant employed at the VA Medical Center, Jane Doe 1, reported that Defendant touched her inappropriately in or about August 2019. Jane Doe 1 reported that Defendant also had engaged in multiple other instances of inappropriate workplace conduct.

In his motion to dismiss and his supplemental memorandum, Defendant argues that Count 2 should be dismissed as being multiplicitous as to Count 1, and that Count 4 should be dismissed

2

as being multiplicitous as to Count 3, both being in violation of the Fifth Amendment prohibition of double jeopardy. Defendant also argues that the Government's charging strategy here violates his due process rights. In its response to Defendant's initial motion to dismiss and in its response to Defendant's supplemental memorandum, the Government argues that Count 2 and Count 4 are properly joined, and nothing about a double jeopardy prohibition, or about due process for that matter, precludes prosecution for both greater- and lesser-included offenses.

## II. LEGAL ISSUES AND ANALYSIS

The questions before the Court are (1) whether the Fifth Amendment double jeopardy prohibition applies here to preclude prosecution of a felony along with its lesser included misdemeanor, and (2) whether the Government's charging strategy here violates Defendant's due process rights.

### A. Legal Principles

As a threshold matter, the undersigned notes the well-established principle under the Fifth Amendment of the United States Constitution that ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . ." U.S. Const. amend. V. Further, as the Fourth Circuit has contextualized this principle:

> [T]here are two components to this constitutional guarantee: [t]he first provides protections against the imposition of cumulative *punishments* for the same offense in a single criminal trial; the second against being subjected to successive *prosecutions* for the same offense, without regard to the actual imposition of punishment.

United States v. Goodine, 400 F.3d 202, 206 (4th Cir. 2005) (internal citations and quotations omitted). In this matter, Defendant is charged with the same two crimes as to each of the two alleged victims: (1) the felony of Abusive Sexual Contact, in violation of Title 18, United States Code, Section 2244(b) (Count 1 as to Jane Doe 1 and Count 3 as to Jane Doe 2), and (2) the

misdemeanor of Simple Assault, in violation of Title 18, United States Code, Section 113(a)(5) (Count 2 as to Jane Doe 1 and Count 4 as to Jane Doe 2).

The crimes charged as to each alleged victim arise from the same purported act as to the respective victims, with the misdemeanor Simple Assault being a lesser-included offense of Abusive Sexual Contact. To this end, and as the Government notes in its initial Response [ECF No. 25, at 8], the elements of Abusive Sexual Contact are that (1) in the special maritime and territorial jurisdiction of the United States, (2) Defendant intentionally (3) touched, either directly or through the clothing, of the genitalia, anus groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person, (4) without the victim's permission. 18 U.S.C. §§ 2244(b), 2246(3). Moreover, as the Government continues to note in its initial Response [ECF No. 25, at 8-9], the elements of Simple Assault are (1) in the special maritime and territorial jurisdiction of the United States, (2) Defendant assaulted another person. 18 U.S.C. § 113(a). "Assault" itself is not defined in statute but as the Government notes, courts have found it to be the deliberate touching of another in an offensive manner, while having no justification or excuse to do so. There is no disagreement between the Government and Defendant that Simple Assault here is a lesser-included offense of Abusive Sexual Contact.

Pertinent in the instant matter are provisions of law addressing the question of whether, or when, a criminal defendant may be indicted on multiple offenses based on the same act. To this end, "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are <u>based on the same act</u> or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a) (emphasis added). Additionally, under the pertinent rules,

if joinder is prejudicial to either a defendant or the Government, then a court may sever trials or provide other relief. Fed. R. Crim. P. 14(a).

## B. Analysis

In the case at bar, the first issue is whether the Fifth Amendment double jeopardy prohibition applies here to preclude prosecution of a felony along with its lesser included misdemeanor. The other issue whether this charging strategy by the Government violates Defendant's due process rights.

### 1. Double Jeopardy

As to the first issue, the undersigned finds that the Fifth Amendment prohibition against double jeopardy does not operate here to bar the prosecution as the Government has pursued it.

The thrust of Defendant's argument seems to be that he will be deprived of the ability to choose whether to seek a jury instruction for the lesser-included offense. In other words, Defendant takes exception to the Government's charging strategy precluding him from <u>not</u> seeking a lesser-included instruction. Presumably, Defendant believes he would increase his chances of acquittal if a jury is instructed only on the more severe felony charge. However, as the Government notes, the choice to seek a lesser-included offense jury instruction is not Defendant's alone to request. Rather, the Government also has the right to request such a jury instruction, and has the right to do so even if Defendant had not been indicted on the lesser-included offenses in Count 2 and Count 4. <u>See</u> Fed. R. Crim. P. 31(c); <u>see also</u> <u>United States v. Walkingeagle</u>, 974 F.2d 551, 553-54 (4th Cir. 1992).

Moreover, while Defendant may believe that severance under Rule 14 of the Federal Rules of Criminal Procedure may increase his chances of acquittal, that is not necessarily enough, standing alone, for the Court to order severance here. Demonstrating a need for severance under

this rule is considerable, and it is unclear here how Defendant deems the prejudicial effect of the Government's charging strategy to be so strong as to merit this rare relief. See U.S. v. Mir, 525 F.3d 351, 357 (4th Cir. 2008).

More to the point, however, Defendant seems to argue that a single indictment containing both greater- and lesser-included offenses is a bald violation of the double jeopardy prohibition. But Defendant cites no mandatory authority for this position, and seems only to suggest that caselaw will trend in his direction in the future. Certainly, the longstanding double jeopardy principle prohibits (generally speaking) punishment more than once and successive prosecution for the same crime. And certainly, as the Government makes clear in its briefing and in verbal representations during proceedings before the undersigned, if Defendant is found guilty of both a lesser-included and greater-included offense, the Government would then be required to seek dismissal of the lesser-included charge. But that is wholly different from the long-established ability for the Government to bring an indictment as it has in this case.

As an ancillary matter, Defendant argues that the Department of Justice's "Justice Manual" sets forth a policy of charging only the more serious offense arising from a single criminal act. However, this is not persuasive to the undersigned. First, Defendant does not show how this manual establishes rights for criminal defendants, let alone how the Court here must conduct analysis to determine what those rights are and whether they are protected. Second, as the Government details in its supplemental response [ECF No. 33, at 5-6], the policy allows for more prosecutorial discretion than Defendant declares there to be.

Therefore, the undersigned agrees with the Government that the double jeopardy prohibition does not operate to bar the Government's approach in this context.

*2. Due Process*

As to the second issue, the undersigned finds that the Government's approach to the prosecution here does not violate Defendant's due process protections. Defendant argues that the Government's strategy here is unfair and presents undue risk to him, at least in part because of the Department of Justice policy which Defendant asserts the Government has violated here. And, as with the double jeopardy argument, Defendant takes issue with being indicted on lesser-included offenses as, generally speaking, violative of due process.

However, as set forth in the analysis above, the undersigned does not agree that the Department of Justice policy has bearing in this context. Defendant relies on the case of Matthews v. Eldridge, 424 US. 319 (1976) to invite the Court to undertake a rather open-ended due process analysis and conclude in Defendant's favor, which the undersigned declines to do. It is not clear what due process rights Defendant argues are specifically imperiled. Thus, it is unclear what particular analysis the Defendant would have the Court undertake. Accordingly, the undersigned declines Defendant's invitation to find issues with due process or fundamental fairness in this context.

### III. CONCLUSION

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss, which is the first request for relief contained within Defendant's Omnibus Pretrial Motion [ECF No. 16], be **DENIED.**

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District

Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of Court is **DIRECTED** to transmit copies of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted February 17, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE