

United States Department of Justice

*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street   Phone: (304) 623-7030
Suite 300   FAX: (304) 623-7031
Clarksburg, WV 26301

June 9, 2021

**VIA EMAIL:**
J. Michael Benninger
Benninger Law
10 Cheat Landing, Suite 100
Morgantown, WV 26508

FILED

JUN 23 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Re: United States v. Kenneth C. Ramdat, M.D.
Case No. 1:20CR84

Dear Mr. Benninger:

The purpose of this letter is to extend a plea offer to your client, Kenneth C. Ramdat, M.D.. It is agreed between the United States and your client as follows.

1. Dr. Ramdat will plead guilty to Counts Two and Four of Indictment charging him with simple assault in violation of Title 18, United States Code Section 113(a).

2. The maximum penalty to which Dr. Ramdat will be exposed by virtue of his plea of guilty to is imprisonment for a term of not more than 6 months, a fine of not more than $10,000.00 and a period of supervised release of 1 year for Count Two; imprisonment for a term of not more than 6 months, a fine of not more than $10,000.00 and a period of supervised release of 1 year for Count Four; and a special mandatory assessment of $10.00 (18 U.S.C. § 3013) for each count which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

_____
Kenneth C. Ramdat, M.D.

_____
J. Michael Benninger
Counsel for Dr. Ramdat

_June 15th 2021_____
Date

_6/15/21_____
Date

J. Michael Benninger
June 9, 2021
Page 2

3. Dr. Ramdat will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Dr. Ramdat will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia. Nothing contained in any statement or any testimony given by Dr. Ramdat, pursuant to paragraph 4, will be used against him as the basis for any subsequent prosecution by the United States.

4. It is understood that any information obtained from Dr. Ramdat in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Dr. Ramdat's applicable advisory guideline range. Furthermore, if, in the opinion of the United States Attorney's Office, Dr. Ramdat breaches this plea agreement, then any statement by Dr. Ramdat made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against him without limitation. The United States agrees not to pursue any other federal crimes known to the United States as of the date of this plea agreement. However, this agreement does not prevent Dr. Ramdat from being prosecuted for any other violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Dr. Ramdat for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Dr. Ramdat's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

6. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to the following binding sentence:

   a. Dr. Ramdat will be sentenced to a term of probation of one year;

   b. No part of the defendant's sentence will include a requirement to register as a sex offender; and

_____      _____
Kenneth C. Ramdat, M.D.                Date

_____      _____
J. Michael Benninger                    Date
Counsel for Dr. Ramdat

J. Michael Benninger
June 9, 2021
Page 3

    c. No part of the Judgment and Commitment Order or the Statement of Reasons will state that the crime was "sexually motivated."

The parties understand that if the Court does not accept the binding provision of this paragraph, Dr. Ramdat will have the right to withdraw his plea of guilty. At the time of sentencing, the United States will dismiss Counts One and Three of the Indictment.

  7. Although not party to this proceeding, the State of West Virginia has represented to the United States that if this plea agreement is accepted by the Court, Dr. Ramdat will have no obligation to register as a sex offender in the State of West Virginia. Dr. Ramdat, his counsel and the United States have each relied on those representations in reaching this plea agreement.

  8. Although not party to this proceeding, the State of Maryland has represented to the United States that if this plea agreement is accepted by the Court, Dr. Ramdat will have no obligation to register as a sex offender in the State of Maryland. Dr. Ramdat, his counsel and the United States have each relied on those representations in reaching this plea agreement.

  9. Pursuant to Sections 6B1.4 (Stipulations (Policy Statement)) and 1B1.3 (Relevant Conduct), the parties stipulate to the following.

With respect to Count Two of the Indictment, the parties stipulate that in or about August 2019, while at the Louis A. Johnson VA Medical Center (VAMC) in the special territorial jurisdiction of the United States, in the Northern District of West Virginia, Dr. Ramdat did assault Jane Doe 1 in violation of Title 18, United States Code, Section 113(a)(5). The parties further stipulate that Dr. Ramdat, while hugging Jane Doe 1, touched the breast of Jane Doe 1 in an isolated room of an incapacitated patient on the 3A Unit of the VAMC, which touching constitutes an assault, that is, a deliberate touching of another in a patently offensive manner without justification or excuse.

With respect to Count Four of the Indictment, the parties stipulate that on or about October 17, 2019, while at the VAMC in the special territorial jurisdiction of the United States, in the Northern District of West Virginia, Dr. Ramdat did assault Jane Doe 2 in violation of Title 18, United States Code, Section 113(a)(5). The parties further stipulate that Dr. Ramdat,

_Kenneth C. Ramdat MD_ (signature)
Kenneth C. Ramdat, M.D.

_(signature)_
J. Michael Benninger
Counsel for Dr. Ramdat

June 15th 2021
Date

6|15|21
Date

J. Michael Benninger
June 9, 2021
Page 4

while hugging Jane Doe 2, touched the breast of Jane Doe 2 in an isolated room of an incapacitated patient on the 3A Unit of the VAMC, which touching constitutes an assault, that is, a deliberate touching of another in a patently offensive manner without justification or excuse.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Dr. Ramdat's background criminal record, offenses charged in the information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Dr. Ramdat or by his counsel.

11. Dr. Ramdat understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. The parties understand, however, that if the Court does not accept the binding provisions of paragraph 6, Dr. Ramdat will have the right to withdraw his plea of guilty.

12. Dr. Ramdat agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, Dr. Ramdat agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. Dr. Ramdat also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access his credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Dr. Ramdat agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. Dr. Ramdat further agrees that any schedule of payments imposed by the Court represents his minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If Dr. Ramdat is sentenced to a

_Kenneth C. Ramdat MD_  June 15th 2021
Kenneth C. Ramdat, M.D.        Date

_[signature]_                  6/15/21
J. Michael Benninger           Date
Counsel for Dr. Ramdat

J. Michael Benninger
June 9, 2021
Page 5

period of incarceration, he agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, Dr. Ramdat agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of his payment status or history at that time. In order to pay any outstanding criminal monetary penalties, Dr. Ramdat agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. Dr. Ramdat hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13.  Dr. Ramdat is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, if Dr. Ramdat's sentence is within the statutory maximum, then Dr. Ramdat waives the following rights:

   a. Dr. Ramdat knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal his conviction on the ground that the statute(s) to which Dr. Ramdat is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   b. Dr. Ramdat knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of his criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c. Dr. Ramdat waives the right to challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the

_Kenneth C. Ramdat, MD_
Kenneth C. Ramdat, M.D.

_June 15th 2021_
Date

_[signature]_
J. Michael Benninger
Counsel for Dr. Ramdat

6/15/21
Date

J. Michael Benninger
June 9, 2021
Page 6

> manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Dr. Ramdat perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Dr. Ramdat agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. This waiver of appellate rights is not intended to represent Dr. Ramdat's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Dr. Ramdat from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

14. If Dr. Ramdat's plea is not accepted by the Court or is later set aside or if Dr. Ramdat breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

15. The above fourteen paragraphs constitute the entire agreement between Dr. Ramdat and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Sincerely,
RANDOLPH J. BERNARD
Acting United States Attorney

By: Sarah E. Wagner
Assistant United States Attorney

_____
Kenneth C. Ramdat, M.D.

_____
J. Michael Benninger
Counsel for Dr. Ramdat

June 15th 2021
Date

6/15/21
Date

J. Michael Benninger
June 9, 2021
Page 7

As evidenced by my signature at the bottom of the six pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
Kenneth C. Ramdat, M.D.

_____
J. Michael Benninger
Counsel for Dr. Ramdat

June 15th 2021
Date

6/15/21
Date